# EXHIBIT A

# Case Docket Entries

CC-20-2025-C-432

| Court: | **Circuit** | County: | **20 – Kanawha** | Created Date: | **4/2/2025** | Security Level: **Public** |
|---|---|---|---|---|---|---|
| Judge: | **Carrie Webster** | Case Type: | **Civil** | Case Sub-Type: | **Other** | Status: **Open** |

Related Cases:

Style: **Mark Snodgrass v. Hartford Underwriters Insurance Company c/o CT Corporation System**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 4/2/2025 2:55:56 PM | E-Filed | | Complaint |
| | 1-1 4/2/2025 | Civil Case Information Statement | | |
| | 1-2 4/2/2025 | Complaint - Plaintiff's Complaint | | |
| | 1-3 4/2/2025 | Transmittal | | |
| | 1-4 4/2/2025 | Summons | | |
| 2 | 4/2/2025 2:55:56 PM | Judge Assigned | J-20016 | Carrie Webster |
| 3 | 4/2/2025 2:55:56 PM | Party Added | P-001 | Mark Snodgrass |
| 4 | 4/2/2025 2:55:56 PM | Party Added | D-001 | Hartford Underwriters Insurance Company c/o CT Corporation System |
| 5 | 4/2/2025 2:55:56 PM | Party Added | D-002 | Sean Bivens |
| 6 | 4/2/2025 2:55:56 PM | Attorney Listed | P-001 | A-2022 - Brent K. Kesner |
| 7 | 4/2/2025 2:55:56 PM | Service Requested | D-001 | Filer - Secretary of State |
| 8 | 4/2/2025 2:55:56 PM | Service Requested | D-002 | Filer - Secretary of State |
| 9 | 4/3/2025 8:39:46 AM | Attorney Listed | P-001 | A-6006 - Ernest G. Hentschel, II |
| 10 | 4/3/2025 8:40:00 AM | Attorney Listed | P-001 | A-12944 - Anthony Edward Nortz |
| 11 | 4/3/2025 8:40:12 AM | Attorney Listed | P-001 | A-326 - Robert V. Berthold, Jr. |
| 12 | 4/3/2025 8:40:25 AM | Attorney Listed | P-001 | A-11065 - Robert V. Berthold, III |
| 13 | 4/14/2025 2:50:46 PM | E-Docketed | | Supporting Documents - Secretary of State Return as to Sean Bivens |
| | 13-1 4/14/2025 | Supporting Document - Secretary of State Return as to Sean Bivens | | |
| | 13-2 4/14/2025 | Transmittal | | |
| 14 | 4/14/2025 2:54:52 PM | E-Docketed | | Supporting Documents - Secretary of State Return as to Hartford Underwriters Insurance Company |
| | 14-1 4/14/2025 | Supporting Document - Secretary of State Return as to Hartford Underwriters Insurance Company | | |
| | 14-2 4/14/2025 | Transmittal | | |



**CT Corporation**
**Service of Process Notification**
04/10/2025
CT Log Number 548858477

## Service of Process Transmittal Summary

**TO:**     Michael Johnson, Legal Assistant
           The Hartford
           1 HARTFORD PLZ
           HARTFORD, CT 06155-0001

**RE:**     Process Served in West Virginia

**FOR:**    Hartford Underwriters Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARK SNODGRASS vs. HARTFORD UNDERWRITERS INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV<br>Case # CC202025C432 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Charleston, WV |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 04/10/2025 postmarked on 04/08/2025 |
| **JURISDICTION SERVED:** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after delivery |
| **ATTORNEY(S)/SENDER(S):** | Brent K. Kesner<br>Kesner & Kesner, PLLC<br>112 Capitol Street<br>Charleston, WV 25329<br>304-345-5200 |
| **ACTION ITEMS:** | CT has retained the current log. Retain Date: 04/10/2025, Expected Purge Date: 04/15/2025<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAELJOHNSON@THEHARTFORD.COM<br><br>Email Notification, Inna Vartanova  inna.vartanova@thehartford.com<br><br>Email Notification, Daniela Bukowski-James  soplawsuits.law@thehartford.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>5098 Washington St. W. Ste. 407<br>Charleston, WV 25313<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | Documents were served upon the West Virginia Secretary of State on 04/07/2025 and forwarded to CT Corporation. |



CT Corporation
Service of Process Notification
04/10/2025
CT Log Number 548858477

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL

US POSTAGE PITNEY BOWES

ZIP 25311
02 4W
0000377385 APR. 08. 2025.

$ 009.51⁰

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0004 2373 44

HARTFORD UNDERWRITERS INSURANCE COMPANY
C. T. Corporation System
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313

**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

| | |
|---|---|
| **Control Number:** 338730 | **Agent:** C. T. Corporation System |
| **Defendant:** HARTFORD UNDERWRITERS INSURANCE COMPANY 5098 WEST WASHINGTON STREET SUITE 407 CHARLESTON, WV 25313 US | **County:** Kanawha |
| | **Civil Action:** 25-C-432 |
| | **Certified Number:** 92148901125134100004237344 |
| | **Service Date:** 4/7/2025 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS



E-FILED | 4/2/2025 2:55 PM
CC-20-2025-C-432
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Mark Snodgrass v. Hartford Underwriters Insurance Company c/o CT Corporation System

Service Type:    Filer - Secretary of State

NOTICE TO:    Hartford Underwriters Insurance Company c/o CT Corporation System, 5098 Washington Street West, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Brent Kesner, PO Box 2587, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/2/2025 2:55:50 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MARK SNODGRASS,

    Plaintiff,

v.                              **Civil Action No.**
                                     **Honorable**

HARTFORD UNDERWRITERS
INSURANCE COMPANY, AND
SEAN BIVENS.

    **Defendants.**

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Mark Snodgrass ("Snodgrass"), who for his Complaint against Hartford Underwriters Insurance Company ("Hartford") and Sean Bivens ("Bivens") (collectively the "the Hartford Defendants") states as follows:

## COMMON ALLEGATIONS

1.   Plaintiff Snodgrass is, and at all times relevant to this Complaint has been, a resident of Kanawha County, West Virginia, and the owner of a business located at 1200 6th Street Charleston, Kanawha County, West Virginia ("the Insured Property").

2.   Defendant Hartford is a Connecticut Corporation, with its principal place of business at One Hartford Plaza, Hartford, Connecticut, doing business in the State of West Virginia, including selling policies to insure real property in Kanawha County, West Virginia.

3.   Upon information and belief, Defendant Bivens is a resident of the State of Illinois and was, at all times relevant to this Complaint, employed as a claims specialist and representative by Defendant Hartford.

1

4. As Defendants Bivens was an employee of Defendant Hartford at all relevant times, Defendant Hartford is chargeable with his acts and omissions under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

5. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendant Hartford does business in Kanawha County, West Virginia; Defendants Bivens handled Plaintiff's claim for the loss to Plaintiff's Property and engaged in the business of insurance in Kanawha County, West Virginia; and the Insured Property is located in Kanawha County, West Virginia.

6. At all relevant times, the Hartford Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

7. At all times relevant to this Complaint, the Insured Property was insured under Hartford Policy No. 72SBAAU9KAH ( "the Hartford Policy"), with relevant effective coverage from November 8, 2023 to November 8, 2024.

8. The Hartford Policy provided Coverage A – Building limits of $469,500 and Business Income and Extra Expense coverage in the amount of Actual Loss Sustained.

9. All premiums were paid for the Hartford Policy by Plaintiff as due to Defendant Hartford and Plaintiff complied with all of the other material terms, conditions, and requirements of the Hartford Policy.

2

10. On or about April 2, 2024, the Insured Property was damaged during a wind storm where the winds reached speeds up to one-hundred fifteen miles per hour (115mph) ("the Storm Loss"). As a result of the Storm Loss, the Insured Property's roof was damaged and water intruded into the Insured Property.

11. Additionally, as a result of the Storm Loss, an office within the Insured Property which was rented out to others, could not be used.

12. As a result of the Storm Loss, multiple buildings in the area suffered severe damage, including the roof being torn off a building near the Insured Property.

13. Following the Storm Loss, Plaintiff provided Defendant Hartford with timely notification of the Storm Loss and of his claim for damages to the Insured Property.

14. Upon information and belief, Defendant Hartford assigned Plaintiff's claim arising from the Storm Loss to Defendant Bivens for investigation and handling.

15. The Hartford Defendants never informed Plaintiff he was entitled to business income coverage to address his loss arising from business interruption due to the Storm Loss.

16. The Harford Defendants sent an engineer from EFI Global to the Property to conduct an inspection of the Insured Property and take photos.

17. In reviewing the report of EFI Global, the Hartford Defendants observed the Storm Loss damages to the Insured Property, including the damage to the roof, water damage, and damage to the office.

18. Following the Hartford Defendants' inspection, the Hartford Defendants sent a denial letter to Plaintiff on May 15, 2024, representing that the damages to the Insured Property was the result of "age-related wear and tear" and denied payment for the damages to the Insured Property arising from the Storm Loss.

3

19. Plaintiff disputed that the Storm Loss damages to the Insured Property was the result of "age-related wear and tear" and informed the Hartford Defendants that they needed to further investigate the Storm Loss damages to the Insured Property.

20. Plaintiff provided the Hartford Defendants with an estimate in the amount of $30,000.00, showing the amount necessary to repair the damage to the roof of the Insured Property.

21. Eventually, on March 10, 2025, the Hartford Defendants sent an additional denial letter to Plaintiff, claiming that the Storm Loss damages to the Insured Property was the result of "age-related wear and tear" and denying payment for the Storm Loss damages to the Insured Property.

22. Due to the denial of his claim, Plaintiff was forced to sell a plot of land he owned to finance the repair of the roof of the Insured Property.

23. Plaintiff has paid for the repairs to the roof on the Insured Property, but has been unable to afford to repair the water damage to the interior of the Insured Property and the damages to the Insured Property's office.

24. Plaintiff continues to suffer a loss of rent for the office at the Insured Property which was rented out prior to the Storm Loss.

25. The Hartford Defendants failed and refused to pay Plaintiff for the full cost of repairing the Insured Property leaving Plaintiff without sufficient funds to repair the Insured Property.

26. The Hartford Defendants' actions have caused Plaintiff substantial emotional stress and mental anguish.

27. Under the terms of the Hartford Policy and the laws of the State of West Virginia, Defendant Hartford was, and has been, obligated to pay the full replacement cost for the damages to the Insured Property arising from the Storm Loss.

28. Plaintiff submitted timely claims to Defendant Hartford for the Storm Loss.

4

29. The Hartford Defendants failed to conduct a thorough, fair, and objective investigation of Plaintiff's claims in connection with the Storm Loss to the Insured Property.

30. The Hartford Defendants failed to acknowledge and act promptly upon communications from Plaintiff regarding his claim for Storm Loss damage to the Insured Property.

31. Defendant Hartford failed to adopt and implement reasonable standards for the prompt investigation and handling of claims and refused to pay all amounts owed to Plaintiff related to the Storm Loss without conducting a reasonable investigation based upon all available information.

32. Defendant Hartford failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims when Defendant Hartford's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

33. The Hartford Defendants have forced Plaintiff to institute litigation to recover the amounts due to him under the Hartford Policy for the Storm Loss to the Insured Property.

34. The Hartford Defendants failed to properly adjust, handle, and timely pay Plaintiff's claims for benefits due and owing under the Hartford Policy, which has caused Plaintiff significant economic and non-economic damages.

35. Due to the Hartford Defendants' actions, Plaintiff has sustained damages, including the loss of the insurance proceeds to which he is entitled; the costs of repairing the Insured Property for which coverage was provided by the Hartford Policy; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the Hartford Defendants' conduct.

## Count I - Breach of Contract (Hartford)

36. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count I each and every allegation contained in Paragraphs 1 through 35 of his Complaint.

5

37. Pursuant to the terms of the Hartford Policy, Defendant Hartford is, and has been, obligated to pay benefits to Plaintiff for the Storm Loss damage to the Insured Property.

38. Defendant Hartford's refusal to pay Plaintiff for the Storm Loss damage to the Insured Property constitutes a breach of the terms of the Hartford Policy and Defendant Hartford's contractual duties to Plaintiff.

39. As a direct and proximate result of Defendant Hartford's breach of its duties and allegations under the Hartford Policy, Plaintiff has sustained damages, including the loss of the insurance proceeds to which he is entitled; the cost of repairing or replacing the Insured Property for which coverage should have been afforded by Defendant Hartford; the consequential damages flowing from Defendant Hartford's breach of its contracted duties and obligation, including loss arising from the continuing damage to the Insured Property; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the conduct of Defendant Hartford.

### Count II - Common-Law "Bad Faith" (Hartford)

40. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count II each and every allegation contained in Paragraphs 1 through 39 of his Complaint.

41. Through its actions described herein and its refusal to pay Plaintiff for the cost to repair the Storm Loss damages to the Insured Property and the Plaintiff's business income loss, Defendant Hartford breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

42. In particular, through its actions, delay, and its refusal to pay Plaintiff for the Storm Loss damages to the Insured Property, Defendant Hartford breached its duty of good faith in the following particulars:

6

a)   By failing to conduct an adequate, timely and thorough investigation to determine the policy benefits due and owing to Plaintiff in connection with the damage to and loss to the Insured Property;

b)   By failing to conduct a complete investigation and inspection regarding the cause of the Storm Loss damages to the Insured Property;

c)   By failing to conduct a thorough and complete inspections of the Insured Property to identify the full extent of the Storm Loss damages to the Insured Property;

d)   By refusing to pay applicable policy benefits to Plaintiff for the Storm Loss without a factual or legal basis; and

e)   By favoring its own interests over the interests of its insured.

43. As a direct and proximate result of Defendant Hartford's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Hartford his economic and non-economic damages outlined herein, including the attorney's fees and the costs he has incurred and will incur as a result of Defendant Hartford's conduct.

44. Defendant Hartford acted with intent and knowingly, with actual malice, such that Plaintiff is also entitled to an award of punitive damages against Defendant Hartford.

### Count III - Unfair Trade Practices (the Hartford Defendants)

45. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count III each and every allegation contained in Paragraphs 1 through 44 of his Complaint.

46. Defendant Hartford had adequate notice of Plaintiff's claims and had adequate time to investigate any insurance coverage issues and was not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claims.

47. At all times relevant herein, the Hartford Defendants denied payment of Plaintiff's claims and failed to conduct a prompt and reasonable investigation based on all available

7

information, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(c) and W. Va. Code §33-11-4(9)(d).

48. In particular, the Hartford Defendants failed to fully, completely, and timely investigate the Storm Loss, the damages caused by the storm to the Insured Property, and the coverages available under the Hartford Policy.

49. At all times relevant herein, the Hartford Defendants refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claim by refusing to pay the cost of repairing the Insured Property, despite the fact that liability was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(f).

50. At all times relevant herein, the Hartford Defendants misrepresented pertinent facts concerning Plaintiff's insurance claims under the Hartford Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code § 33-11-4(9)(a).

51. In particular, Defendant Bivens misrepresented the extent of the damages to Plaintiff's property, the Hartford's duties to investigate under West Virginia law, and the cause of the damages to Plaintiff's property.

52. Through their refusal to pay Plaintiff's valid claims, the Hartford Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover the amounts due to Plaintiff under the Hartford Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(g).

53. The Hartford Defendants' conduct, as described hereinabove, is part of their general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

8

54. In particular, the violations of the Hartford Defendants of the above-referenced statutory provisions in connection with Plaintiff's claims demonstrate a pattern and practice of violating the Unfair Trade Practices Act by the Hartford Defendants as opposed to an isolated incident.

55. As a direct and proximate result of the Hartford Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and has been forced to incur the attorney's fees and costs associated with pursuing his claims and instituting the present action in order to recover the insurance proceeds owed to him by Defendant Hartford for the Storm Loss.

56. This Court has jurisdiction over this action against the Hartford Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled to an award of damages for his legal fees and costs, net economic losses and other damages pursuant to said cause of action.

57. From their initial notification of Plaintiff's claims, the Hartford Defendants have acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the applicable insurance benefits due and owing to Plaintiff under the Property.

58. At all times relevant herein, the Hartford Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of their duties under the Unfair Trade Practices Act and the West Virginia Insurance Regulations as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the Hartford Defendants.

**WHEREFORE**, Plaintiffs demand judgment against the Hartford Defendants, as follows:

9

a) An award of compensatory damages against Defendant Hartford in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Hartford's breach of contract;

b) An award of compensatory damages against Defendant Hartford in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and cost and net economic losses of Plaintiff, sustained as a result of Defendant Hartford's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c) An award of compensatory damages against the Hartford Defendants in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the Hartford Defendants in violating the Unfair Trade Practices Act as a business practice;

d) An award of punitive damages against Defendant Hartford in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's claim for Storm Loss damages to the Insured Property;

e) An award of punitive damages against the Hartford Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as a business practice in the handling of the Plaintiff's claim for damage to the Insured Property; and

f) An award of such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claims and the Hartford Defendants' acts and omissions.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

**MARK SNODGRASS**
**By counsel,**

*/s/Brent K. Kesner*
Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6006)
Anthony E. Nortz (WVSB #12944)
**Kesner & Kesner, PLLC**
112 Capitol Street
Charleston, WV  25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265
bkesner@kesnerlaw.com
ehentschel@kesnerlaw.com
anortz@kesnerlaw.com

10

39014/1292812

and

Robert V. Berthold, Jr. (WVSB #326)
Robert V. Berthold, III (WVSB #11065)
**Berthold Law Firm, PLLC**
208 Capitol Street
P.O. Box 3508
Charleston, WV 25335
*Phone:* (304) 345-5700
*Fax:* (304) 345-5703
rvb@bertholdlaw.com
rvb3@bertholdlaw.com

11

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0004 2373 51

SEAN BIVENS
164 BERTRAM DRIVE, UNIT D
YORKVILLE, IL 60560



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 338731

**Defendant:** SEAN BIVENS
164 BERTRAM DRIVE, UNIT D
YORKVILLE, IL 60560 US

**County:** Kanawha
**Civil Action:** 25-C-432
**Certified Number:** 92148901125134100004237351
**Service Date:** 4/7/2025

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.**

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 4/2/2025 2:55 PM
CC-20-2025-C-432
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Mark Snodgrass v. Hartford Underwriters Insurance Company c/o CT Corporation System

Service Type:    Filer - Secretary of State

NOTICE TO:   Sean Bivens, 164 Bertram Drive, Unit D, Yorkville, IL 60560

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Brent Kesner, PO Box 2587, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/2/2025 2:55:50 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 4/2/2025 2:55 PM
CC-20-2025-C-432
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MARK SNODGRASS,

      Plaintiff,

v.                              Civil Action No.
                                       Honorable

HARTFORD UNDERWRITERS
INSURANCE COMPANY, AND
SEAN BIVENS.

      Defendants.

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Mark Snodgrass ("Snodgrass"), who for his Complaint against Hartford Underwriters Insurance Company ("Hartford") and Sean Bivens ("Bivens") (collectively the "the Hartford Defendants") states as follows:

### COMMON ALLEGATIONS

1. Plaintiff Snodgrass is, and at all times relevant to this Complaint has been, a resident of Kanawha County, West Virginia, and the owner of a business located at 1200 6th Street Charleston, Kanawha County, West Virginia ("the Insured Property").

2. Defendant Hartford is a Connecticut Corporation, with its principal place of business at One Hartford Plaza, Hartford, Connecticut, doing business in the State of West Virginia, including selling policies to insure real property in Kanawha County, West Virginia.

3. Upon information and belief, Defendant Bivens is a resident of the State of Illinois and was, at all times relevant to this Complaint, employed as a claims specialist and representative by Defendant Hartford.

1

4. As Defendants Bivens was an employee of Defendant Hartford at all relevant times, Defendant Hartford is chargeable with his acts and omissions under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

5. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendant Hartford does business in Kanawha County, West Virginia; Defendants Bivens handled Plaintiff's claim for the loss to Plaintiff's Property and engaged in the business of insurance in Kanawha County, West Virginia; and the Insured Property is located in Kanawha County, West Virginia.

6. At all relevant times, the Hartford Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

7. At all times relevant to this Complaint, the Insured Property was insured under Hartford Policy No. 72SBAAU9KAH ( "the Hartford Policy"), with relevant effective coverage from November 8, 2023 to November 8, 2024.

8. The Hartford Policy provided Coverage A – Building limits of $469,500 and Business Income and Extra Expense coverage in the amount of Actual Loss Sustained.

9. All premiums were paid for the Hartford Policy by Plaintiff as due to Defendant Hartford and Plaintiff complied with all of the other material terms, conditions, and requirements of the Hartford Policy.

2

10. On or about April 2, 2024, the Insured Property was damaged during a wind storm where the winds reached speeds up to one-hundred fifteen miles per hour (115mph) ("the Storm Loss"). As a result of the Storm Loss, the Insured Property's roof was damaged and water intruded into the Insured Property.

11. Additionally, as a result of the Storm Loss, an office within the Insured Property which was rented out to others, could not be used.

12. As a result of the Storm Loss, multiple buildings in the area suffered severe damage, including the roof being torn off a building near the Insured Property.

13. Following the Storm Loss, Plaintiff provided Defendant Hartford with timely notification of the Storm Loss and of his claim for damages to the Insured Property.

14. Upon information and belief, Defendant Hartford assigned Plaintiff's claim arising from the Storm Loss to Defendant Bivens for investigation and handling.

15. The Hartford Defendants never informed Plaintiff he was entitled to business income coverage to address his loss arising from business interruption due to the Storm Loss.

16. The Harford Defendants sent an engineer from EFI Global to the Property to conduct an inspection of the Insured Property and take photos.

17. In reviewing the report of EFI Global, the Hartford Defendants observed the Storm Loss damages to the Insured Property, including the damage to the roof, water damage, and damage to the office.

18. Following the Hartford Defendants' inspection, the Hartford Defendants sent a denial letter to Plaintiff on May 15, 2024, representing that the damages to the Insured Property was the result of "age-related wear and tear" and denied payment for the damages to the Insured Property arising from the Storm Loss.

3

19. Plaintiff disputed that the Storm Loss damages to the Insured Property was the result of "age-related wear and tear" and informed the Hartford Defendants that they needed to further investigate the Storm Loss damages to the Insured Property.

20. Plaintiff provided the Hartford Defendants with an estimate in the amount of $30,000.00, showing the amount necessary to repair the damage to the roof of the Insured Property.

21. Eventually, on March 10, 2025, the Hartford Defendants sent an additional denial letter to Plaintiff, claiming that the Storm Loss damages to the Insured Property was the result of "age-related wear and tear" and denying payment for the Storm Loss damages to the Insured Property.

22. Due to the denial of his claim, Plaintiff was forced to sell a plot of land he owned to finance the repair of the roof of the Insured Property.

23. Plaintiff has paid for the repairs to the roof on the Insured Property, but has been unable to afford to repair the water damage to the interior of the Insured Property and the damages to the Insured Property's office.

24. Plaintiff continues to suffer a loss of rent for the office at the Insured Property which was rented out prior to the Storm Loss.

25. The Hartford Defendants failed and refused to pay Plaintiff for the full cost of repairing the Insured Property leaving Plaintiff without sufficient funds to repair the Insured Property.

26. The Hartford Defendants' actions have caused Plaintiff substantial emotional stress and mental anguish.

27. Under the terms of the Hartford Policy and the laws of the State of West Virginia, Defendant Hartford was, and has been, obligated to pay the full replacement cost for the damages to the Insured Property arising from the Storm Loss.

28. Plaintiff submitted timely claims to Defendant Hartford for the Storm Loss.

4

29. The Hartford Defendants failed to conduct a thorough, fair, and objective investigation of Plaintiff's claims in connection with the Storm Loss to the Insured Property.

30. The Hartford Defendants failed to acknowledge and act promptly upon communications from Plaintiff regarding his claim for Storm Loss damage to the Insured Property.

31. Defendant Hartford failed to adopt and implement reasonable standards for the prompt investigation and handling of claims and refused to pay all amounts owed to Plaintiff related to the Storm Loss without conducting a reasonable investigation based upon all available information.

32. Defendant Hartford failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims when Defendant Hartford's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

33. The Hartford Defendants have forced Plaintiff to institute litigation to recover the amounts due to him under the Hartford Policy for the Storm Loss to the Insured Property.

34. The Hartford Defendants failed to properly adjust, handle, and timely pay Plaintiff's claims for benefits due and owing under the Hartford Policy, which has caused Plaintiff significant economic and non-economic damages.

35. Due to the Hartford Defendants' actions, Plaintiff has sustained damages, including the loss of the insurance proceeds to which he is entitled; the costs of repairing the Insured Property for which coverage was provided by the Hartford Policy; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the Hartford Defendants' conduct.

## Count I - Breach of Contract (Hartford)

36. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count I each and every allegation contained in Paragraphs 1 through 35 of his Complaint.

5

37. Pursuant to the terms of the Hartford Policy, Defendant Hartford is, and has been, obligated to pay benefits to Plaintiff for the Storm Loss damage to the Insured Property.

38. Defendant Hartford's refusal to pay Plaintiff for the Storm Loss damage to the Insured Property constitutes a breach of the terms of the Hartford Policy and Defendant Hartford's contractual duties to Plaintiff.

39. As a direct and proximate result of Defendant Hartford's breach of its duties and allegations under the Hartford Policy, Plaintiff has sustained damages, including the loss of the insurance proceeds to which he is entitled; the cost of repairing or replacing the Insured Property for which coverage should have been afforded by Defendant Hartford; the consequential damages flowing from Defendant Hartford's breach of its contracted duties and obligation, including loss arising from the continuing damage to the Insured Property; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the conduct of Defendant Hartford.

## Count II - Common-Law "Bad Faith" (Hartford)

40. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count II each and every allegation contained in Paragraphs 1 through 39 of his Complaint.

41. Through its actions described herein and its refusal to pay Plaintiff for the cost to repair the Storm Loss damages to the Insured Property and the Plaintiff's business income loss, Defendant Hartford breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

42. In particular, through its actions, delay, and its refusal to pay Plaintiff for the Storm Loss damages to the Insured Property, Defendant Hartford breached its duty of good faith in the following particulars:

6

a) By failing to conduct an adequate, timely and thorough investigation to determine the policy benefits due and owing to Plaintiff in connection with the damage to and loss to the Insured Property;

b) By failing to conduct a complete investigation and inspection regarding the cause of the Storm Loss damages to the Insured Property;

c) By failing to conduct a thorough and complete inspections of the Insured Property to identify the full extent of the Storm Loss damages to the Insured Property;

d) By refusing to pay applicable policy benefits to Plaintiff for the Storm Loss without a factual or legal basis; and

e) By favoring its own interests over the interests of its insured.

43. As a direct and proximate result of Defendant Hartford's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Hartford his economic and non-economic damages outlined herein, including the attorney's fees and the costs he has incurred and will incur as a result of Defendant Hartford's conduct.

44. Defendant Hartford acted with intent and knowingly, with actual malice, such that Plaintiff is also entitled to an award of punitive damages against Defendant Hartford.

## Count III - Unfair Trade Practices (the Hartford Defendants)

45. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count III each and every allegation contained in Paragraphs 1 through 44 of his Complaint.

46. Defendant Hartford had adequate notice of Plaintiff's claims and had adequate time to investigate any insurance coverage issues and was not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claims.

47. At all times relevant herein, the Hartford Defendants denied payment of Plaintiff's claims and failed to conduct a prompt and reasonable investigation based on all available

7

information, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(c) and W. Va. Code §33-11-4(9)(d).

48. In particular, the Hartford Defendants failed to fully, completely, and timely investigate the Storm Loss, the damages caused by the storm to the Insured Property, and the coverages available under the Hartford Policy.

49. At all times relevant herein, the Hartford Defendants refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claim by refusing to pay the cost of repairing the Insured Property, despite the fact that liability was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(f).

50. At all times relevant herein, the Hartford Defendants misrepresented pertinent facts concerning Plaintiff's insurance claims under the Hartford Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code § 33-11-4(9)(a).

51. In particular, Defendant Bivens misrepresented the extent of the damages to Plaintiff's property, the Hartford's duties to investigate under West Virginia law, and the cause of the damages to Plaintiff's property.

52. Through their refusal to pay Plaintiff's valid claims, the Hartford Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover the amounts due to Plaintiff under the Hartford Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(g).

53. The Hartford Defendants' conduct, as described hereinabove, is part of their general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

8

54. In particular, the violations of the Hartford Defendants of the above-referenced statutory provisions in connection with Plaintiff's claims demonstrate a pattern and practice of violating the Unfair Trade Practices Act by the Hartford Defendants as opposed to an isolated incident.

55. As a direct and proximate result of the Hartford Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and has been forced to incur the attorney's fees and costs associated with pursuing his claims and instituting the present action in order to recover the insurance proceeds owed to him by Defendant Hartford for the Storm Loss.

56. This Court has jurisdiction over this action against the Hartford Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled to an award of damages for his legal fees and costs, net economic losses and other damages pursuant to said cause of action.

57. From their initial notification of Plaintiff's claims, the Hartford Defendants have acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the applicable insurance benefits due and owing to Plaintiff under the Property.

58. At all times relevant herein, the Hartford Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of their duties under the Unfair Trade Practices Act and the West Virginia Insurance Regulations as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the Hartford Defendants.

**WHEREFORE**, Plaintiffs demand judgment against the Hartford Defendants, as follows:

9

a)   An award of compensatory damages against Defendant Hartford in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Hartford's breach of contract;

b)   An award of compensatory damages against Defendant Hartford in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and cost and net economic losses of Plaintiff, sustained as a result of Defendant Hartford's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c)   An award of compensatory damages against the Hartford Defendants in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the Hartford Defendants in violating the Unfair Trade Practices Act as a business practice;

d)   An award of punitive damages against Defendant Hartford in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's claim for Storm Loss damages to the Insured Property;

e)   An award of punitive damages against the Hartford Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as a business practice in the handling of the Plaintiff's claim for damage to the Insured Property; and

f)   An award of such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claims and the Hartford Defendants' acts and omissions.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

MARK SNODGRASS
By counsel,

/s/Brent K. Kesner
Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6006)
Anthony E. Nortz (WVSB #12944)
Kesner & Kesner, PLLC
112 Capitol Street
Charleston, WV  25329
Phone: (304) 345-5200
Fax: (304) 345-5265
bkesner@kesnerlaw.com
ehentschel@kesnerlaw.com
anortz@kesnerlaw.com

and

Robert V. Berthold, Jr. (WVSB #326)
Robert V. Berthold, III (WVSB #11065)
**Berthold Law Firm, PLLC**
208 Capitol Street
P.O. Box 3508
Charleston, WV 25335
*Phone:* (304) 345-5700
*Fax:* (304) 345-5703
rvb@bertholdlaw.com
rvb3@bertholdlaw.com

11

39014/1292812