IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK SNODGRASS,

      Plaintiff,

v.              CIVIL ACTION NO. 2:25-cv-00301

HARTFORD UNDERWRITERS INSURANCE
COMPANY, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Partial Dismissal filed by Defendants Hartford Underwriters Insurance Company ("Defendant Hartford") and Sean Bivens ("Defendant Bivens") (collectively, "Defendants"). (ECF No. 6.) For the reasons discussed herein, the motion is **DENIED**.

**I.  BACKGROUND**

This action involves an insurance dispute between Defendants and Plaintiff Mark Snodgrass ("Plaintiff"). (*See* ECF No. 1-1.) According to the Complaint, a windstorm occurred on April 2, 2024, with winds allegedly reaching speeds up to one-hundred fifteen miles per hour. (*See id*. at 10, ¶ 10.) As a result of this storm, Plaintiff claims that the building of his business (the "Property") suffered damage to its roof and experienced flooding within. (*Id*.) Plaintiff maintains that at this time, the Property was insured by a Hartford policy (the "Policy"), which covered storm loss. (*Id*. at 9, ¶ 7–8.)

1

Following the storm, Plaintiff notified Defendant Hartford of the storm loss and his claim for damages to the Property.  (*Id*. at 10, ¶ 13.)   The claim was then assigned to Defendant Bivens for investigation and handling.  (*Id*. at 10, ¶ 14.)   Defendant Hartford subsequently sent an engineer to the Property to conduct an inspection of the Property, take photos, and construct a report.  (*Id*. at 10, ¶ 15–16.)   The resulting report included photos depicting the alleged damages to the Property, including the damage to the roof, water damage, and damage to the office.  (*Id*. at 10, ¶ 17.)

Defendants Hartford and Defendant Bivens then sent a denial letter to Plaintiff, detailing their conclusion that the damages to the Property were the result of "age-related wear and tear" and denied payment for the damages allegedly arising from the storm.  (*Id*. at 10, ¶ 18.)   Plaintiff disputed this finding and sent the Defendants an estimate of $30,000.00, which evidently accounted for the amount necessary to remediate the roof damage.  (*Id*. at 11, ¶ 20.)   In response, the Defendants sent an additional denial letter to Plaintiff, reiterating that the storm damages to the Property were the result of "age-related wear and tear" and again denying payment. (*Id*. at 11, ¶ 21.)

Consequently, on April 2, 2025, Plaintiff initiated this lawsuit in the Circuit Court of Kanawha County, West Virginia.  (*See* ECF No. 1-1.)   The Complaint asserts three causes of action against Defendant Hartford and one cause of action against Defendant Bivens.  (*Id*. at 5–9.)   Count I, which alleges a claim for breach of contract, is premised on Defendant Hartford's failure to pay benefits to Plaintiff for the storm loss damage to the Property.  (*Id*. at 13, ¶ 38.) Count II, which alleges first-party common law bad faith, states that Defendant Hartford breached its duty of good faith and fair dealing by: (1) failing to conduct an adequate, timely, and thorough

2

investigation of Plaintiff's claim; (2) failing to conduct a complete investigation and inspection regarding the cause of the storm loss damages to the Property; (3) failing to identify the full extent of the storm loss damages to the Property; (4) refusing to pay for the storm loss without a factual or legal basis; and (5) favoring its own interests over the interests of the insured.  (*Id*. at 13, ¶ 42.) Count Three asserts a claim under the West Virginia Unfair Trade Practices Act ("UTPA"), based on the Defendants' failure to conduct a prompt and thorough investigation of Plaintiff's claim; failing to provide a fair settlement offer; and misrepresenting facts concerning the extent of damages.  (*Id*. at 15, ¶ 48–51.)

Defendant removed this action on May 7, 2025.  (ECF No. 1.)  Defendant filed the pending motion for partial dismissal on the same day.  (ECF No. 6.)  Plaintiff filed a response, (ECF No. 10), and Defendant filed a reply, (ECF No. 11).  As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).  A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  In applying this standard, a court must utilize a two-pronged approach.  First, it must separate the legal conclusions in the complaint from the factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Second, assuming the truth of only the factual allegations, the court

must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.*

Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

#### A. Count II: Common Law "Bad Faith"

The Defendants move to dismiss portions of Plaintiff's claim in Count II alleging breach of the common-law duty of good faith and fair dealing, arguing that dismissal is warranted because it is not a legally recognized stand-alone cause of action. (ECF No. 6 at 1.) Plaintiff maintains that his common law bad faith claim may proceed in conjunction with the breach of contract claim, given that it can be construed as part of the larger contractual claim. (*See* ECF No. 10 at 9.) The Court agrees.

In every contract there is an implied covenant of good faith and fair dealing. *Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 579 (W. Va. 2013). However, "the West Virginia Supreme Court of Appeals has 'declined to recognize an independent claim for a breach of the common law duty of good faith,' and has instead held that such a claim sounds in breach of contract." *Corder v. Countrywide Home Loans, Inc.,* Civil

Action No. 2:10–0738, 2011 WL 289343, at *3 (S.D. W. Va. Jan. 26, 2011) (quoting *Doyle v. Fleetwood Homes of Va.,* 650 F.Supp.2d 535, 541 (S.D. W. Va. 2009)).

Nevertheless, when a breach of contract claim is adequately plead, a separate claim alleging a breach of the common law duty of good faith and fair dealing with respect to the purported contract may stand. *See Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC*, 785 F.3d 104, 114–15 (4th Cir. 2015) (holding that summary judgment should not have been granted as to the plaintiff's bad faith claim when the defendant was not entitled to summary judgment on the breach of contract claim). This understanding is consistent with precedent recognizing that a common law bad faith claim is dependent on the existence of an express breach of contract claim. *See Evans v. United Bank, Inc*., 775 S.E.2d 500, 508 (W. Va. 2015). It also reflects the prevailing approach to analyze common law bad faith claims as part of the broader breach of contract claim. *See Mid-State Auto., Inc. v. Harco Nat'l Ins. Co*., No. 2:19-CV-00407, 2019 WL 6130457, at *3 (S.D. W. Va. Nov. 18, 2019).

Accordingly, where an express breach of contract is properly alleged, it is immaterial whether a common law bad faith claim is asserted as part of the breach of contract claim or as a separate count. In either circumstance, the bad faith claim is necessarily subsumed within, and derivative of, the underlying contractual claim.

Defendant Hartford does not contest the validity of the breach of contract claim in Count I. Even so, an evaluation of its factual sufficiency is necessary for the sake of the common law bad faith claim. To state a claim for breach of contract, the plaintiff must allege facts sufficient to support each of the following elements: "formation of a contact, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015).

In the Complaint, Plaintiff alleges: (1) that at all relevant times the Property was insured by a valid policy issued by Defendant Hartford which covered storm loss, (2) that Defendant Hartford breached this contract by refusing to provide coverage for storm damage sustained to the Property, and (3) as a result, Plaintiff sustained damages including the loss of insurance proceeds, costs associated with repairing the Property, and consequential damages. (ECF No. 1-1 at 13, ¶ 37–38.) At this stage of the proceedings, the Court is satisfied that Plaintiff has plausibly alleged a claim for breach of contract.

Thus, because Plaintiff's claim for breach of contract survives, his claim that Defendant Hartford failed to act in good faith and deal fairly also survives, so long as the Complaint's well-pleaded factual allegations state a plausible claim for relief. *See Cunningham Energy, LLC v. Vesta O&G Holdings, LLC*, 578 F. Supp. 3d 798 (S.D. W. Va. 2022). Under West Virginia law, the common law duty of good faith and fair dealing in insurance cases "runs between insurers and insureds and is based on the existence of a contractual relationship." *Elmore v. State Farm Mut. Auto. Ins. Co.*, 202 W. Va. 430, 434 (1998). This duty requires that, once a first-party policyholder has submitted proof of loss, an insurer must "promptly conduct a reasonable investigation of the policyholder's loss based upon all available information." Syl. Pt. 3, *Miller v. Fluharty*, 201 W. Va. 685, 688 (1997). Where liability to the policyholder becomes reasonably clear, the insurer is further obligated to "make a prompt, fair and equitable settlement offer." *Id.*

Here, the Complaint alleges that Defendant Hartford breached its duty of good faith by: (1) failing to conduct an adequate, timely, and thorough investigation of Plaintiff's claim; (2) failing to conduct a complete investigation and inspection regarding the cause of the damages to the Property; (3) failing to identify the full extent of the damages; (4) refusing to pay for the damages;

and (5) favoring its own interests over the interests of the insured. (ECF No. 1-1 at 13, ¶ 41–42.) These factual allegations are sufficient to state a plausible claim for relief arising from Defendant Hartford's alleged breach of the common law duty of good faith and fair dealing.

Accordingly, because Count I adequately states a claim for an express breach of contract, the allegations in Count II relating to the duty of good faith and fair dealing are similarly sufficient to overcome a motion to dismiss. Therefore, the Defendants' Partial Motion to Dismiss with respect to Count II of the Complaint is **DENIED**.

### B. Count III: Unfair Trade Practices

As for Count III, the Defendants argue any claim therein asserted pursuant to subsections (c), (d), and (f) of the UTPA are impermissible as a matter of West Virginia law. (ECF No. 6 at 7.) (citing *State ex rel. W. Va. Mut. Ins. Co., v. Salango*, 246 W. Va. 9 (2021); *State ex rel. State Auto Prop. Ins. Cos. v. Stucky*, 239 W. Va. 729 (2017)). Specifically, the Defendants contend the West Virginia Supreme Court of Appeals ("WVSCA") has held an insured lacks standing to assert claims against their insurer under subsections (c), (d), and (f). (*Id.*)

In response, Plaintiff argues the decisions in *Stucky* and *Salango* are limited to cases involving claims under a liability policy, rather than first-party property insurance claims. (ECF No. 10 at 10–12.) The Court agrees. The Court is not inclined to apply the holdings in *Stucky* and *Salango* to property insurance disputes, as both cases explicitly turned on the definition of the word "claim" in the liability-insurance context. *See Salango*, 866 S.E.2d at 82; *Stucky*, 860 S.E.2d at 166; *see also Maynard v. Combined Ins. Co. of Am.*, No. CV 3:25-00234, 2025 WL 3025691, at *2 (S.D. W. Va. Oct. 29, 2025) (refusing to extend the WVSCA's reasoning in *Stucky* and *Salango* to disability insurance disputes.)

Therefore, because Plaintiff has standing under the UTPA, the Defendants' Partial Motion to Dismiss with respect to Count III is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants' Partial Motion to Dismiss (ECF No. 6) is **DENIED**, and this action will proceed on these claims.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      January 14, 2026

        _____
        THOMAS E. JOHNSTON
        UNITED STATES DISTRICT JUDGE